REW R. GOODENOW (3722)  
PARSONS BEHLE & LATIMER  
50 West Liberty Street, Suite 750  
Reno, Nevada 89501  
Telephone:   (775) 323-1601  
Facsimile:   (775) 348-7250  
Email: RGoodenow@parsonsbehle.com  

*Attorneys for Nevada Star Resource Corp.*

J. THOMAS BECKETT (UT 5587)  
*Admitted Pro Hac Vice, Dkt.#17*  
SCOTT S. BELL (9507)  
PARSONS BEHLE & LATIMER  
201 South Main Street, Suite 1800  
Salt Lake City, Utah 84111  
Telephone:   (801) 532-1234  
Facsimile:    (801) 536-6111  
Email: ECF@parsonsbehle.com  

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE WESTERN UTAH COPPER COMPANY,<br><br>Debtor, | Case No.  10-51913-gwz<br><br>Judge Gregg W. Zive<br><br>Chapter 11 |

**NSRC'S OBJECTION TO DEBTOR'S**
**PROPOSED ORDER AUTHORIZING**
**INTERIM DIP FINANCING**

Nevada Star Resource Corp. ("NSRC"), by and through its undersigned counsel, hereby objects to the Debtor's proposed order authorizing DIP financing, lodged with the court this morning, as follows:

The proposed DIP order should not be entered. If it is entered, it must provide that "the DIP lender's liens shall not attach to property that is not property of the estate." And, if it is entered, it should not be entered with paragraphs 5 (granting releases) and 6 (deeming good faith) included.

**I.     BACKGROUND.**

1. Last Wednesday, this Court orally approved on the record an interim "emergency" DIP loan for the Debtor.

2. Promptly the next morning, NSRC and the Secured Lenders gave their comments to the Debtor, the DIP lender and the Committee.

18185.001/4837-8096-5894.1

3. On Monday this week, the Debtor circulated a revised proposed order (the "Monday version") that it said it would file on Tuesday. The Monday version incorporated few of NSRC and the Secured Lenders' comments, but it did provide that the DIP lender's liens would not attach to property that was not property of the estate.

4. The Debtor did not circulate for comment any further drafts of the proposed order to NSRC or the Secured Lenders.

5. This morning, a full week after the "emergency" DIP hearing, the Debtor lodged with the court its proposed DIP order (the "Thursday version"). The Thursday version is materially different from the Monday version. Among other things, it no longer provides that the DIP lender's lien will not attach to property that is not property of the estate.

6. Empire Advisors, LLC ("Empire") is somehow affiliated with the DIP lender, Altus Metals ("Altus"). Empire was a prepetition lender to the Debtor, but it is not a lender to the Debtor under the DIP. In its Statement of Financial Affairs (docket # 24, p. 105 and schedule 10), the Debtor discloses at least 7 transfers of property of the debtor to Empire during the two years prior to the Debtor's bankruptcy filing. In addition, at the first meeting of creditors, NSRC's representative recalls the Debtor's representative testifying that Empire had received post-petition transfers of property of the estate as well. These transfers have not been investigated by the creditors, nor have they been explained by the Debtor.

7. At the hearing on its DIP motion, the Debtor stated on the record that no releases would be granted in connection with the DIP. No evidence was presented at that hearing on the issue of whether Altus had "extended [the DIP] in good faith." *See* 11 U.S.C. § 364(e).

8. Nevertheless, the Debtor's proposed order, at paragraph 5, includes a release by the Debtor of both Altus and Empire and a reaffirmation by the Debtor of all its pre- and post-petition contracts and transactions with Altus and Empire. It also proposes, in paragraph 6, that the Court will "*deem*" Altus to be a good faith lender.

9. On information and belief, Altus has informed the Debtor that it will not fund the DIP unless the order that is entered includes paragraphs 5 and 6.

## II. ARGUMENT.

NSRC and the Secured Lenders were not afforded any opportunity to review the Thursday version of the DIP order before it was lodged by the Debtor with the Court. The Thursday version refers to a "budget approved by Altus" and an "interim budget" that was supposed to have been attached to the proposed order, but was not. The proposed DIP order should not be entered until NSRC and the Secured Lenders have had a full and fair opportunity to review the Thursday version, including the budget and interim budgets referred to in the Debtor's proposed DIP order.[1]

Further, if any order allowing DIP financing is entered, it must provide that "the DIP lender's lien will not attach to property that is not property of the estate." It must so provide because, as explained in NSRC's objection to DIP financing, NSRC holds equitable title to substantial real estate holdings within the Debtor's copper mine facility, and if the DIP lender seeks to encumber those properties, that could result in further litigation and post-petition claims against the estate.

Finally, for at least three reasons, the Debtor's proposed DIP order should not be entered with paragraphs 5 and 6 included:

First, Altus should not be given any release because the Debtor stated at the DIP hearing that no releases would be granted. More important, releases of DIP lenders are significant events in bankruptcy cases because they constitute compromises of claims. As such, they cannot be granted unless and until they have undergone the scrutiny contemplated by Rule 9019 of the Federal Rules of Bankruptcy Procedure. *See In re Fitzgerald*, 428 B.R. 872, 884 (9th Cir. BAP 2010) (bankruptcy court erred entering order constituting compromise without conducting Rule 9019 analysis). The releases the Debtor seeks in its proposed DIP order have not undergone any such scrutiny. They have not been scrutinized at all.

Second, Altus' affiliate, Empire, should not be given any release for all those same reasons, and because it is not a DIP lender. Empire is giving *nothing* in consideration for a

---

[1] NSRC reserves the right to supplement this objection after it has had a reasonable chance to review the Thursday version of the Debtor's proposed DIP order.

18185.001/4837-8096-5894.1

- 3 -

release, and the Debtor may have claims against it on account of numerous prepetition, and perhaps post-petition, transfers.[2]

Third, Altus cannot be "*deemed*" a good faith lender. It either is a good faith lender or it is not. If Altus or the Debtor had presented *evidence* at the DIP hearing on this point, then this Court might have had a basis to "*find*" that Altus is a good faith lender. *See Id*. at 880-81 (evidence required for 'good faith' finding). No such evidence was introduced at the DIP hearing. Consequently, this Court cannot simply "*deem*" Altus to be a good faith lender. Indeed, if Altus is in fact threatening not to fund the DIP unless its affiliate (which is not a lender under the DIP) is released by the Debtor, then Altus' good faith certainly remains an open question.

### III. CONCLUSION.

The proposed DIP order should not be entered. If it is entered, it must provide that "the DIP lender's liens shall not attach to property that is not property of the estate." If it is entered, it should not be entered with paragraphs 5 and 6 included.

\* \* \*

Respectfully submitted,
July 1, 2010.

**PARSONS BEHLE & LATIMER**

By: *J. Thomas Beckett*
Rew R. Goodenow
J. Thomas Beckett
Scott S. Bell
Attorneys for Nevada Star Resource Corp.

---

[2] The Debtor and DIP lender will argue that the release is a non-issue because it is not binding on other parties in interest, including the Committee. But a subsequently-appointed chapter 7 or 11 trustee is not presently a "party in interest," so the Debtor's release may very well bind them. But more important is the fact that, because the Debtor stated at the hearing that no releases would be granted, the creditors did not (could not) inquire about them at the hearing. Consequently, there has been no scrutiny of the proposed releases, as required by law.

18185.001/4837-8096-5894.1

- 4 -