*Filed Electronically: July 01, 2010*

Robert R. Kinas (Nevada Bar No. 6019)
Mark E. Konrad (Nevada Bar No. 4462)
Nishat Baig (Nevada Bar No. 11047)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: rkinas@swlaw.com
         mkonrad@swlaw.com
         nbaig@swlaw.com

David E. Leta (UT Bar No. 1937)
*Admitted Pro Hac*
SNELL & WILMER L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
Email: dleta@swlaw.com

*Attorneys for DDB Utah, LLC; The Raymond W. Schmelzer Marital Trust; Top-Notch Investments, LLC; Rodney Evan Schmelzer; Brent Thomas Bingham; Bridge Loan Capital Fund, LP; Devin Durrant DPI College, LC; Milford Copper Investors II, LLC; Reynolds Brothers, Inc.; and Milford Investors, LLC*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>WESTERN UTAH COPPER COMPANY, a Utah corporation,<br><br>Debtor. | Case No. 10-51913-gwz<br><br>Chapter 11<br><br>**OBJECTION OF SECURED CREDITORS TO DEBTORS' PROPOSED FORM OF ORDER ON EMERGENCY INTERIM DIP FINANCING AND MEMORANDUM IN SUPPORT** |

Pursuant to Local Rule 9021(b), the Secured Creditors,[1] through counsel, object to the

Debtors' proposed form of *Order re: Motion for Entry of an Interim Order Authorizing Debtor to*

*Obtain Post-Petition Financing Pursuant to 11 U.S.C. § 11 U.S.C. § 364 and Rule 4001 of the*

---

[1] The **"Secured Creditors"** are DDB Utah, LLC; The Raymond W. Schmelzer Marital Trust; Top-Notch Investments, LLC; Rodney Evan Schmelzer; Brent Thomas Bingham; Bridge Loan Capital Fund, LP; Devin Durrant DPI College, LC; Milford Copper Investors II, LLC; Reynolds Brothers, Inc.; and Milford Investors, LLC.

11680929.4

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

*Federal Rules of Bankruptcy Procedure* (the "**Debtors' Proposed Order**") for the reasons that it is not supported by the evidence, contrary to the Court's rulings, and contradicts the Debtors' representations made on the record.  Pursuant to Local Rule 9021, the Secured Creditors have lodged a correct, alternate proposed Order ("**Creditors' Proposed Order**").  The Court should enter the Creditors' Proposed Order.

### PROCEDURAL BACKGROUND

A.    On June 2, 2010, each of the Debtors filed their respective Motion For Order Shortening Notice Period For Hearing On the Motions ("**Emergency Motion**") pursuant to which the Debtors identified four (4) items of alleged emergency concern, namely, utilities, insurance, security and a premium on a reclamation bond.

B.    On June 4, 2010, the Court entered its Order denying the Debtors' Motion for Order Shortening Notice Period for Hearing on the Motions.

C.    On June 17, 2010, the Official Committee of Unsecured Creditors ( the "**Committee**") filed its Motions to Reconsider the Order Denying Motion For Order Shortening Notice Period For Hearing On Debtors Motion For Entry Of An Order Authorizing Debtor To Obtain Post-Petition Financing Pursuant To 11 U.S.C. § 364 And Rule 4001 Of The Federal Rules Of Bankruptcy Procedure (the "**Reconsideration Motion**"), including declarations in support thereof, in each of the Debtors' cases.

D.    On June 17, 2010, the Secured Creditors filed their *Ex-Parte Motion to Shorten Time for Debtor to respond to Discovery Requests Regarding the DIP Financing Motion* [Doc. No. 89] and on June 17, 2010, the Secured Creditors filed their *Certificate of Service Regarding First Set of Requests for Production of Documents Propounded by the First Priority Secured Creditors to Western Utah Copper Company Regarding the DIP Financing Motion* [Doc. 81].

Subsequently, the Secured Creditors also served subpoenas duces tecum upon Altus Metals, LLC ("**Altus**") and upon its affiliate, Empire Advisors, LLC ("**Empire**").   The Court has not yet ruled on this Motion.

E.    On June 18, 2010, the Secured Creditors filed their *Memorandum in Opposition to Motion for Reconsideration of Order Denying Motion for Order Shortening Notice Period for Hearing on Debtor's DIP Financing Motion* [Doc. No. 95].

F.    On June 18, 2010, and without conducting a hearing, the Court entered its Order approving the Reconsideration Motion in the respective cases and scheduled a hearing on the Emergency Motions for June 23, 2010 at 10:30 a.m. in Reno, Nevada

G.    On June 21, 2010, Nevada Star filed its *NSRC's Objection to Debtor's Motion for an Order Authorizing DIP Financing* [Doc. No. 105].

H.    On June 22, 2010, the Secured Creditors filed their *Memorandum in Opposition to Debtor's Emergency DIP Financing Motion [Doc. No. 32]* [Doc. No. 113], as well as their *Motion in Limine to Preclude Introduction of Evidence Irrelevant to Relief Sought in Doc. No. 29 at the Court's Emergency Hearing on the Debtor's Motion for Authority to Obtain DIP Financing Scheduled for June 23, 2010* [Doc. No. 111], *Motion to Strike Hearsay Representations in the Declaration of A. John A. Bryan in Support of the Debtor's DIP Financing Motion [Doc. No. 33]* [Doc. No. 110] and *Motion for Court to Take Judicial Notice of the Debtor's Schedules and Statement of Financial Affairs at the Emergency Hearing on the Debtor's Motion for Authority to Incur Debtor in Possession Financing* [Doc. No. 109]

I.    On June 22, 2010, the Debtors' filed their *Supplement to Debtor's Motion for Entry of an Order Authorizing Debtor to Obtain Post-Petition Financing Pursuant to 11 U.S.C. §*

11680929.4

Snell & Wilmer

L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

*364 and Rule 4001 of the Federal Rules of Bankruptcy Procedure* [Doc. No. 114], which contained a revised interim budget for emergency DIP financing.

        J.      At the hearing on June 23, 2010, the Debtor orally modified its interim funding request and reduced the same to specific items that totaled $250,000 for a one month period. ("**Interim Budget**").

        K.      At the hearing on June 23, 2010, neither the Debtors nor Altus offered any evidence to support a finding of good faith under § 364(e) even though the Secured Creditors specifically objected to any such finding. *See* Memorandum in Opposition to Debtors' Emergency DIP Financing Motion [Docket No. 113] at p.24, citing *In re The Colad Group, Inc.*, 327 B.R. 208, 225 (Bankr. W.D.N.Y. 2005). In fact, when counsel for the Secured Creditors attempted to explore the pre-petition relationships between the Debtor, Empire and Altus, the Debtor objected to the inquiry as "irrelevant".[2]

        L.      At the hearing, the Debtors said they were not asking the court to approve any of the loan documents attached to their DIP Motion, nor were they asking the court to approve waivers or releases in favor of either Altus or Empire.

        M.      At the hearing, the Court specifically granted the Secured Creditors the right to participate with Altus, on a *pari passu* basis, in making the interim funding.[3]

        N.      On June 23, 2010, at 5:20 p.m., the Debtors' counsel circulated a proposed form of order.

---

[2] During his cross-examination, Mr. Bryan acknowledged that Empire was a pre-petition lender to the Debtors. The Statement of Affairs filed by Western Utah Copper Company reveals various pre-petition transfers of equipment, water rights and stock warrants to Empire, some of which were made immediately prior to the Petition Date. *See*, Statement of Affairs, Western Utah Copper Company, at Question # 10.

[3] The Secured Lenders wish to exercise this right and are ready, willing and able to contribute as permitted by the Court.

11680929.4

O.      On June 24, 2010, at 12:17 p.m. MT, the Secured Creditors and Nevada Star jointly submitted their comments and responses to the original proposed form of order, which contained a revised, clean version of the order, a redline showing changes, the revised interim budget and an explanation of the changes.  A copy of that email communication is attached as Exhibit "A".

P.      On June 24, 2010, at 2:30 p.m. MT, the Secured Creditors received comments from Michael Roeschenthaler, on behalf of the Official Committee of Unsecured Creditors (the "**Committee**") to the Secured Creditors' proposed form of interim order.

Q.      On June 24, 2010, at 4:53 p.m. MT, the Secured Creditors incorporated the comments of the Committee's counsel and submitted a new revised form of interim financing order.  A copy of that email communication is attached as Exhibit "B".

R.      The Secured Creditors received no further communication from the Debtors, from the Committee or from Altus respecting the proposed form of order until Monday, June 28, 2010 at 6:50 p.m. MT when the Debtors counsel circulated a new form of order.

S.      Fifteen minutes later, at 7:05 p.m.  MT, the Debtors' counsel circulated another and different proposed form of interim order, which, this time, included both a good faith finding with respect to Altus and a release respecting Altus and Empire.

T.      The Secured Creditors voiced their objection to this new form of proposed order in the communications sent June 28, 2010, at 9:22 p.m. MT  A copy of that email communication is attached as Exhibit "C".

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

11680929.4

U.    In response, the Debtors' counsel indicated their intention to lodge their form of order with the court on the morning of Tuesday, June 29, 2010.

V.    Contrary to this representation, the Debtors' counsel did not lodge any order with the court until Thursday, July 01, 2010, at approximately 11:15 a.m. MT.

W.    The form of order lodged by the Debtors on July 1, 2010, is materially different than the form of order that the Debtors' counsel circulated on June 28, 2010.  Yet, Debtors' counsel did not provide parties with any notice of these material changes at the time they lodged their orders.    Attached as Exhibit "D" is a comparison of the two proposed orders that shows these differences.

X.    Notwithstanding the good faith efforts of the Secured Creditors and Nevada Star to arrive at a stipulated form of interim financing order in accordance with Local Rule 9021, the Debtors have elected to lodge their objectionable order.

Y.    The Creditors Proposed Order has been approved by Nevada Star, but disapproved by the Debtors and the Committee.

Z.    Attached as Exhibit "E" is a comparison of the Debtors' Proposed Order and the Creditors Proposed Order.    The insertions and deletions show changes that the Debtors are proposing to the form of order that the Secured Creditors and Nevada Star have approved.

## ARGUMENT

1.    The Debtors' Proposed Order Eliminates Important Procedural History.

The Debtors' Proposed Order strikes Finding "N" of the Creditors Proposed Order.  This is a simple, undisputed recital of the Creditors' efforts to obtain discovery in connection with the Debtors' DIP Motion.  Not only is this recital true, it is important to illustrate that the Debtors' proceeded with their emergency motion before the Secured Creditors (or any other parties) were

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

1  able to conduct any discovery regarding the basis for the relief sought or regarding the

2  relationships between the Debtor and its proposed lender.  Any order entered by the Court should

3  include this undisputed finding.

4      2.    The Secured Creditors Have the Right to Contribute to the Interim Financing; this

5  is not the Debtor's option.

6      In paragraph 1 of the Debtors' Proposed Order, the Debtors have stripped from the

7  Secured Creditors a right specifically granted to them by the Court, namely, the right to

8  contribute, with Altus, up to $42,000 of the Interim Emergency DIP Funding on a *pari passu*

9  basis.  Instead, the Debtors have incorrectly recharacterized the Court's ruling as their "right, but

10 not the obligation," to accept funds from the Secured Creditors.  This is not what the Court

11 ordered.  The Secured Creditors wish to contribute to the interim financing, as authorized by the

12 Court, and they are ready, willing and able to do so.

13     3.    The Debtor's Proposed Order Eliminates the Debtor's Obligation to Allocate the

14 Interim Financing to the Assets Benefitted by Such Financing and Shifts All of the Risk of the

15 Financing to the Secured Creditors.

16     In paragraph 2 of the Debtors' Proposed Order, the Debtors propose to eliminate the

17 following language:

18

19     . . . provided, however, that the amount of the approved interim DIP
       Financing shall be allocated against the assets of the Debtors in

20     proportion to the amount of the approved interim DIP Financing
       that is actually expended to protect such assets . . .

21

22 The Secured Creditors are not the only creditors with liens in this case.  As revealed by the

23 Debtors' own schedules, there are other secured creditors, including Empire, which claim security

24 interests in assets, including security interests in various items of equipment.  The relative priority

25 of these lenders has not been adjudicated.  The purpose of the interim financing is primarily to

26 protect equipment from possible diminution in value through theft, vandalism, improper

11680929.4

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

1   maintenance or fire.  The Debtors stipulated on the record that during the interim period they

2   were not conducting any mining or milling operations.  Thus, the interim financing is of little or

3   no value with regard to patented or unpatented mining claims, except to the extent of $18,000 for

4   payment of the premium on the reclamation bond.  The balance of the interim financing,

5   therefore, relates to various items of equipment that are being protected and or preserved, with the

6   amount of the allocation to be determined by the Court at a subsequent hearing.  Unless the funds

7   are so allocated, however, the Court will be unable to determine which secured creditors have

8   benefitted from the interim financing or the amount of each such creditor's benefit.

9       4.      The Grant of a Senior, Super-Priority Administrative Expense Claim to Altus is

10  Improper.

11      In paragraph 2 of the Debtor's Proposed Order, the Debtors propose to grant Altus "an

12  allowed administrative expense claim in the Debtors' bankruptcy cases pursuant to § 364(c)(1) of

13  the Bankruptcy Code *having priority over all administrative expenses of any kind. . . .*" (emphasis

14  added).  This relief was not sought by the Debtors on emergency, interim basis and, therefore, is

15  beyond the scope of the Debtors' pleadings.  Moreover, notice of this additional form of relief

16  was not provided to parties in interest prior to the hearing.  More importantly, a grant of such

17  relief would deny the Secured Creditors an extremely important right granted to them by Section

18  507(b) of the Bankruptcy Code.  The Court should not permit this language to be included in the

19  Order.

20      The record is clear that the Secured Creditors objected to the Debtors' request for interim

21  financing under § 364(d).  It is equally clear that the Debtors have offered no adequate protection

22  to the Secured Creditors for the priming liens that they propose to grant to Altus.  In such a

23  situation, Section 507(b) of the Bankruptcy Code provides some limited protection to an

24  objecting secured creditor by granting that creditor a superpriority administrative expense claim if

25  the creditor's interest is inadequately protected. The proposed Order, however, proposes to further

26

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

11680929.4

1  subordinate this right to a more senior administrative claim in favor of Altus. The Court cannot

2  and should not permit any such relief.

3      5.    The Debtor's Proposed Order does not contain a copy of the Interim Budget and

4  Altus does not have the right to determine the manner in which the Debtor expends the interim

5  financing.

6      In paragraph 1 of the Debtor's Proposed Order, the Debtor proposes to borrow $250,000

7  "pursuant to a budget *approved by Altus* (the "**Budget**"). . . ." (emphasis added)  In recital "U"

8  of this same proposed order, however, the Debtor admits that it orally modified its funding

9  request "and reduced the same to the items and amounts shown on Exhibit "1" which is attached

10  hereto (the "Interim Budget")."  Exhibit 1 was not attached to the Debtor's proposed Order.

11  Moreover, it is impossible to determine whether the "budget approved by Altus" is the same as

12  the Debtor's Interim Budget which should have been attached as Exhibit 1.[4]  If the two budgets

13  are different, the Court should only authorize the Debtor to expend funds pursuant to the Interim

14  Budget that was introduced and approved by the Court at the hearing on June 23, 2010.  This was

15  the only budget that the Court and parties had an opportunity to review.  Altus should not be

16  granted any authority to dictate how the interim financing is expended if, doing so, would be

17  contrary to the interim budget that the Court approved.

18      6.    The Debtor's Proposed Waivers and Releases are Improper.

19      In paragraph 5 of the Debtor's Proposed Order, the Debtors grant various "waivers" in

20  favor of *both* Altus and Empire, even though the Debtors specifically represented on the record

21  that they were not seeking nor granting any such releases, notwithstanding the fact that the

22  Debtors were not seeking, on an interim basis, approval of any of the post-petition loan

23  documents, and in spite of the fact that Empire is not even an interim post-petition lender.  The

24

25

26  [4] The Secured Creditors believe that the Interim Budget is what is shown as Exhibit "1" to their proposed order.

Snell & Wilmer

L.L.P.

LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

1    waiver proposed by the Debtors is completely gratuitous.   Moreover, it was not specifically

2    sought as a form of relief on an emergency basis.

3         Additionally, it is inappropriate for the Court to approve any such waivers (which could

4    be binding on a future Chapter 11 or Chapter 7 trustee) when the Debtors have failed to comply

5    with the requirements of Rule 9019.   Whenever a debtor proposes to release or waive any claims

6    in conjunction with some other action that it is authorized to take under the Code, such as

7    obtaining credit, the Court must analyze the transaction under *both*, Rule 9019, and any other

8    applicable provision of the Code. *See e.g.*, *In re Fitzgerald*, 428 B.R. 872 (9th Cir. BAP 2010).[5]

9    In *Fitzgerald*, the Bankruptcy Appellate Panel for the Ninth Circuit considered, sua sponte,

10   whether a sale under the analogous provisions of § 363 was also a compromise under Rule 9019.

11   428 B.R. at 884.   It concluded that it was, and that "[t]he bankruptcy court erred when it issued

12   the Sale Order without performing the analysis required by the case law regarding compromises

13   under Rule 9019." *Id.*[6]   Likewise, here approval of the Debtor's Proposed Order without

14   conducting an analysis under Rule 9019 would be improper.   Absent discovery, it is impossible to

15   determine whether the Debtors have rights and claims against Altus and Empire which are unique

16   to the Debtors (i.e., such as offset rights) and which otherwise might be unavailable to the

17   Committee or other creditors.   Paragraph 5 of the Debtors proposed order must be stricken.

18

19

20   [5]    *See also*, *In re Mickey Thompson*, 292 B.R. 415, 421 (9th Cir. BAP 2003) (settlement agreement
that transferred assets of the estate must be analyzed under Rule 9019 and § 363); *In re Psychosomatic
System, Inc.*, 367 B.R. 670, 673-74 (Bankr. D. Colo. 2007) (a motion implicating § 363 and Rule 9019
must satisfy the applicable tests under both and [f]ailing either test is a sufficient ground for denying the
Motion.)

21

22   [6]    The analysis under Rule 9019 requires a finding that the release or waiver of claims is "fair and
equitable." *Fitzgerald*, 482 B.R. at 884.   In turn, "[t]he fair and equitable settlement standard under Rule

23   9019 requires consideration of: (1) probability of success in the litigation; (2) collectability; (3)
complexity, expense, inconvenience, and delay attendant to continued litigation; and (4) the interests of

24   creditors, which are said to be paramount." *Id.* (citing *In re A&C Props.*, 784 F.2d 1377, 1381 (9th Cir.
1986)).   "These four factors are often referred to as the 'A&C factors.'" *Id.* Like *Fitzgerald*, the Debtor

25   has failed to allege, let alone show, any facts that would support a finding that the releases proposed in this

26   case meet the *A&C* factors.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

7.    <u>Altus Is Not Entitled to a "Good Faith" Finding</u>.

In Section 6 of their order, the Debtors asks this court to "deem" Altus as a "good faith lender" and who is "entitled to the protections of 11 U.S.C. § 364(e)." The Debtors then go on to ask the Court to order that any "reversal, modification, vacation or stay of the order shall not affect the validity or enforceability of any lien or priority authorized or created" by the order. Such a provision is improper. No evidence whatsoever was introduced at the hearing respecting the good faith of Altus. Thus, there is absolutely no basis upon which the Court can or should make any such finding. In their objection, the Secured Creditors specifically opposed a good faith finding because the Motion was brought on an emergency basis, with little notice, and with no opportunity to conduct discovery. The Debtors and Altus were on notice of this objection. Nevertheless, they elected to forego any presentation of evidence respecting good faith.

As the 9th Circuit BAP noted in *In re M Capital Corporation,* 290 B.R. 743, (9th Cir. BAP 2003), in the context of like language in § 363(m):

> Where good faith has been challenged, facts must be established to obtain the safety of [§ 363(m)] offers. Boilerplate good faith findings in orders will not suffice, and courts should avoid the temptation to sign such orders without an evidentiary foundation. <u>Id</u>. at 752

In *M Capital* the court also held that " . . . in such proceedings, the proponent of section 363(m) good faith has the burden of proof. This allocation of the burden matters in the present instance because an inference of good faith drawn from a trial court record that is silent on the question would amount o inverting the burden of proof." <u>Id</u>. at 747. Moreover, when counsel for the Secured Creditors attempted, during cross-examination of Mr. Bryan, to investigate the pre-petition relationships between the Debtor, Altus and Empire, the Debtors objected to any such investigation as "irrelevant," and the Court sustained this objection. Accordingly, neither the Debtors nor Altus are entitled to any good faith determination.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

Finally, even if the Debtors had attempted to put on evidence of good faith, they would not have been able to sustain their burden. Clearly, a finding of good faith is not necessary for the Debtor to obtain post-petition financing. The Secured Lenders offered financing, and are prepared to go forward with financing, without any such determination. Second, the fact that Altus is requiring the Debtor to waive claims *against its affiliate, Empire*, even though Empire is not a post-petition lender and is not providing any consideration to the Debtor, is clear evidence of Altus' bad faith. And, nothing in § 364(e) requires any "finding" or "determination" of good faith. The statute simply provides appeal protection "to an entity that extended such credit in good faith. . . ." The statute does not require or entitle a lender to a finding of good faith from the Court. Last, the Debtor's proposed language is overbroad and contrary to the statute. Section 364(e) only discusses reversal or modification on appeal of an authorization to obtain credit. It specifically excepts from this protection an authorization that is stayed pending appeal. The language proposed by the Debtor would grant the protection even if the order were vacated or stayed.

8.    It is Unclear What Relief the Debtors' are Seeking With Respect to CKMC.

The Debtors have lodged two, proposed, identical Interim Orders – one in the CKMC case and the other in the WUCC case. It is unclear what the Debtors intend by doing so. The Secured Creditors only assert liens against the assets of WUCC. The schedules filed by CKMC, show that it has virtually no assets, other than its stock of WUCC, which, based on the schedules filed by WUCC, is worthless. If the Debtors intend to obtain interim financing from Altus secured *only* by the assets of CKMC, then the Secured Creditors have no objection. Obviously, that is not their intent. Submitting identical, duplicate orders in each case, however, is fraught with peril and could only lead to future confusion. Nevertheless, if the Debtors insist on proceeding in this manner, the order that is entered in each case should be expressly limited to the assets of each Debtor.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

9.    <u>Due to the Debtor's Tardiness, the Court Should Not Permit the Debtor to Hold an Expedited or Emergency Hearing on the Proposed Orders and Objections.</u>

Local Rule 9021 does not fix a deadline for a prevailing party to submit a proposed form of order to other parties. It does provide, however, that other parties have three (3) days to indicate their approval or disapproval of any proposed order, and it further provides that "if disapproved, the disapproving party will have until five (5) days from receiving the document to serve and file with the court a detailed statement of objections and an alternative proposal for the document." *See* L.R. 9021(b)(2)(A).

The Debtors initially submitted a proposed interim order on the evening of June 23, 2010. Both the Secured Creditors and Nevada Star promptly responded to that proposal with comments, a revised version and a redline showing their requested changes. The Committee's counsel then promptly responded to the Secured Creditors' proposed form of Order, and requested a few minor modifications, which, within two hours, the Secured Creditors accepted and again circulated another draft of the order. The Debtors, however, did not respond at all until the evening of Monday, June 28, 2010, at which time they submitted their own form of order (the "**Monday Order**"). That same evening, the Secured Creditors and Nevada Star indicated their disapproval of the Monday Order. The Debtors then said that they would lodge the Monday Order with the Court on the following morning. In fact, nothing was filed.

Instead, for inexplicable reasons, the Debtors lodged a new and different form of order on Thursday, July 1, 2010 (the "**Thursday Order**"). Importantly, when they lodged the Thursday Order, the Debtors did not tell parties that it was materially different than the Monday Order, nor did they provide a blackline showing the changes.

This conduct is unfair to other parties and it belies the Debtors' representations about "an emergency" and the need for "emergency funding." The Secured Creditors are not interested in delay, and they have been exceptionally responsive in addressing the form of these orders. Nevertheless, it is unreasonable to expect other parties and the Court to continually accommodate

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702) 784-5200

1    "emergency requests" from the Debtors when, in fact, the Debtors are not acting as if there were a

2    real emergency.

3        The National Fourth of July Holiday is now upon us.  Due to pre-existing travel plans,

4    counsel for the Secured Creditors will not be available between 1:00 p.m., Mountain Time on

5    Friday, July 2, 2010 through 9:00 a.m., Mountain Time, on Tuesday, July 6, 2010.  From an email

6    auto-reply, the Secured Creditors understand that Ms. Jennifer Smith, local counsel for Altus, also

7    is unavailable until July 6, 2010.  To the extent the Court intends to schedule a hearing (whether

8    telephonic or otherwise) to consider these orders and this Objection, counsel requests that the

9    hearing not be conducted until July 6, 2010 at the earliest.

10                        **CONCLUSION**

11       The Debtor's proposed order is overbroad, inaccurate and inappropriate.  It does not

12   reflect the Court's rulings, the evidence or the Debtors' express representations.  The Court

13   should not enter the Debtor's Proposed Order and, instead, should enter the Creditors' Proposed

14   Order.

15       Dated this 1st day of July, 2010.

16                        Snell & Wilmer L.L.P.

17

18                        /s/ *David E. Leta*
                         David E. Leta
19                       *Attorneys for the Secured Creditors*

20

21

22

23

24

25

26

11680929.4

**CERTIFICATE OF SERVICE**

I certify that on the 1st day of July, 2010 a true and correct copy of the foregoing was served via electronic mail upon following:

- J. THOMAS BECKETT    ECF@parsonsbehle.com

- BRUCE THOMAS BEESLEY    bbeesley@lrlaw.com,  rmaples@lrlaw.com; jmoulian@lrlaw.com; mburns@lrlaw.com

- SCOTT S. BELL    ecf@parsonsbehle.com

- DAVID B GOLUBCHIK    dbg@lnbrb.com, angela@lnbrb.com

- REW R. GOODENOW    ecf@parsonsbehle.com

- ROBERT R. KINAS, rkinas@swlaw.com, jmath@swlaw.com, mfull@swlaw.com, cdossier@swlaw.com, lvdocket@mindspring.com, vcampbell@swlaw.com

- LAURY MILES MACAULEY    lmacauley@lrlaw.com, rmaples@lrlaw.com

- EDMOND BUDDY MILLER    bmiller@buddymillerlaw.com, staff@buddymillerlaw.com; lgendreau@buddymillerlaw.com; jlee@buddymillerlaw.com

- JENNIFER A. SMITH    bklscr@lionelsawyer.com, cobrien@lionelsawyer.com

- U.S. TRUSTEE – RN – 11    USTPRegion17.RE.ECF@usdoj.gov

- MARTIN J. BRILL, mjb@lnbrb.com

- DAVID B. GOLUBCHIK, db@lnbrb.com

- KRIKOR J. MESHEFEJIAN, kjm@lnbrb.com

- MICHAEL J. ROESCHENTHALER, mroeschenthaler@mcguriewoods.com

- MARK E. FREELANDER, mfreelander@mcguirewoods.com

- WILLIAM C. PRICE, wprice@mcguirewooods.com

- JASON P. ALTER, jalter@mcguirewoods.com

And upon all other parties registered to receive notice through the Court's CM/ECF system.

                                        /s/ David E. Leta

11680929.4

- 15 -

# EXHIBIT A

## Leta, David

| | |
|---|---|
| **From:** | Leta, David [dleta@swlaw.com] |
| **Sent:** | Thursday, June 24, 2010 12:17 PM |
| **To:** | 'Krikor J. Meshefejian'; Kinas, Rob; Konrad, Mark; Baig, Nishat; rgoodenow@parsonsbehle.com; sbell@parsonsbehle.com; mfreelander@mcguirewoods.com; Roeschenthaler, Michael J.; wprice@mcguirewoods.com; jalter@mcguirewoods.com; Buddy Miller; Jennifer Smith; 'mfreedlander@mcguirewoods.com'; 'Beckett, J. Thomas' |
| **Cc:** | bbeesley@lrlaw.com; Macauley, Laury; Martin J. Brill; David B. Golubchik |
| **Subject:** | Copper King Mining Corporation/Western Utah Copper Company - DIP Financing Order |
| **Importance:** | High |
| **Attachments:** | WUCC - revised interim budget.PDF; WS_BinaryComparison_#11667551v1_SWDMS_ - Interim_DIP_Order_Western.doc-#11667551v2_SWDMS_ - Interim_.DOC; Interim_DIP_Order_Western.doc.DOC |

All:

Attached in clean and redline are the combined comments of Nevada Star and the Secured Creditors to the proposed interim DIP order. The proposed Exhibit is attached, and I assume the Debtor can make it look pretty. I know Tom is traveling this afternoon, so his availability will be limited until late today.

In essence, the changes to the findings are simply to reflect the record. This also will help the new UT judge get a handle on the background.

With respect to the substantive changes here are my comments:

1.    As the court noted, it is the option of the Secured Creditors, not the Debtor, to participate in the loan;
2.    There were no waivers, disclaimers, or stipulations of any kind with respect to Altus, other than that they would get a priming lien per 364(d). In fact, the Debtor made an express point about this on the record;
3.    The DIP documents were not approved, and the court was not asked to approve them, even on an interim basis;
4.    The Secured Creditors never agreed to subordinate, or modify, their rights under 507(b) in favor of Altus, and the court never addressed this issue;
5.    No evidence of "good faith" was presented or even offered at the hearing. In fact, when I tried to explore the historic relationship between the Debtor and Altus, the Debtor's position was that it was "irrelevant."
6.    To the extent that other creditors claim a senior interest in the equipment, which is the principal beneficiary of this DIP financing, then their interests also should be subordinated to the extend of the benefit they receive. That is why the DIP funds should be allocated.

I will be around this afternoon, after lunch, to discuss these matters with you if you desire, but, again, I think Tom's availability will only be in the early evening.

Under the local rules, I am trying to make a good faith effort to resolve the form of this order before filing any objections.

Thank you in advance.

**David E. Leta**
Snell & Wilmer
_____L.L.P._____
15 West South Temple, Suite 1200; Beneficial Life Tower;
Salt Lake City, Utah 84101-1547
(801) 257-1928 (direct), x 1900 (main), x1800 (facsimile)
801-560-LETA (5382) (mobile)
www.swlaw.com
dleta@swlaw.com

Phoenix / Tucson / Los Angeles / Costa Mesa / Denver / Salt Lake City / Las Vegas / Los Cabos

_Note: This communication is intended only for the designated recipients, and may contain confidential or privileged information. If you are not a designated recipient, please disregard this communication, and contact the sender immediately. Circular 230 Disclaimer: To ensure compliance with Treasury Regulations governing written tax advice, please be advised that any tax advice included in this communication, including any attachments, is not intended, and cannot be used, for the purpose of (a) avoiding any federal tax penalty or (b) promoting, marketing, or recommending any transaction or matter to another person. Thank you._

please consider the environment before printing this e-mail

**From:** Krikor J. Meshefejian [mailto:KJM@lnbrb.com]
**Sent:** Wednesday, June 23, 2010 5:20 PM
**To:** Leta, David; Kinas, Rob; Konrad, Mark; Baig, Nishat; rgoodenow@parsonsbehle.com;
sbell@parsonsbehle.com; mfreelander@mcguirewoods.com; Roeschenthaler, Michael J.;
wprice@mcguirewoods.com; jalter@mcguirewoods.com; Buddy Miller; Jennifer Smith
**Cc:** bbeesley@lrlaw.com; Macauley, Laury; Martin J. Brill; David B. Golubchik
**Subject:** Copper King Mining Corporation/Western Utah Copper Company - DIP Financing Order

Dear Counsel,

Pursuant to Local Rule 9021, attached please find the proposed DIP Financing Orders in connection with today's ruling upon the above-referenced Debtors' interim financing request.  Please provide us with your approval and/or comments as soon as possible, as we would like to lodge the orders by no later than close of business tomorrow.  Thank you.

Krikor John Meshefejian, Esq.
Levene, Neale, Bender, Rankin & Brill L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA 90067
Direct Phone: (310) 229-3380
Main Phone: (310) 229-1234
Facsimile:  (310) 229-1244
E-mail:  kjm@lnbrb.com
Website: www.lnbrb.com

6/29/2010

**EXHIBIT B**

**Leta, David**

| | |
|---|---|
| **From:** | Leta, David |
| **Sent:** | Thursday, June 24, 2010 4:53 PM |
| **To:** | 'Roeschenthaler, Michael J.'; Krikor J. Meshefejian; Kinas, Rob; Konrad, Mark; Baig, Nishat; rgoodenow@parsonsbehle.com; sbell@parsonsbehle.com; mfreelander@mcguirewoods.com; Price, William C.; Alter, Jason P.; Buddy Miller; Jennifer Smith; Freedlander, Mark E.; Beckett, J. Thomas |
| **Cc:** | bbeesley@lrlaw.com; Macauley, Laury; Martin J. Brill; David B. Golubchik |
| **Subject:** | RE: Copper King Mining Corporation/Western Utah Copper Company - DIP Financing Order |
| **Attachments:** | WS_BinaryComparison_#11667551v2_SWDMS_ - Interim_DIP_Order_Western.doc-#11667551v3_SWDMS_ - Interim_.DOC¤; Interim_DIP_Order_Western.doc.DOC¤ |

Done.  New clean and redline attached.

──────────────────
**David E. Leta**
Snell & Wilmer
──────L.L.P.──────
15 West South Temple, Suite 1200; Beneficial Life Tower;
Salt Lake City, Utah  84101-1547
(801) 257-1928 (direct), x 1900 (main), x1800 (facsimile)
801-560-LETA (5382) (mobile)
www.swlaw.com
dleta@swlaw.com

Phoenix / Tucson / Los Angeles / Costa Mesa / Denver / Salt Lake City / Las Vegas / Los Cabos

*Note: This communication is intended only for the designated recipients, and may contain confidential or privileged information.  If you are not a designated recipient, please disregard this communication, and contact the sender immediately. Circular 230 Disclaimer: To ensure compliance with Treasury Regulations governing written tax advice, please be advised that any tax advice included in this communication, including any attachments, is not intended, and cannot be used, for the purpose of (a) avoiding any federal tax penalty or (b) promoting, marketing, or recommending any transaction or matter to another person. Thank you.*

🖶 please consider the environment before printing this e-mail

─────────────────────────────────────────────

**From:** Roeschenthaler, Michael J. [mailto:MRoeschenthaler@mcguirewoods.com]
**Sent:** Thursday, June 24, 2010 2:33 PM
**To:** Leta, David; Krikor J. Meshefejian; Kinas, Rob; Konrad, Mark; Baig, Nishat; rgoodenow@parsonsbehle.com; sbell@parsonsbehle.com; mfreelander@mcguirewoods.com; Price, William C.; Alter, Jason P.; Buddy Miller; Jennifer Smith; Freedlander, Mark E.; Beckett, J. Thomas
**Cc:** bbeesley@lrlaw.com; Macauley, Laury; Martin J. Brill; David B. Golubchik
**Subject:** RE: Copper King Mining Corporation/Western Utah Copper Company - DIP Financing Order

All,

My colleague Mark Freedlander is traveling today and very well may have comments to the proposed order when he lands. With that said, a few preliminary comments from the Committee's end:

1.  At the beginning of paragraph F, please insert "Other than chapter 5 actions and any proceeds therefrom,".

2.  After paragraph 7, please add a new paragraph 8 that states as follows: "Nothing in the Order shall bar or otherwise estop the Committee from challenging the propriety, extent and/or validity of any claim or lien held and/or asserted in the Debtors' bankruptcy cases."

Thank you,

Mike Roeschenthaler

---

**From:** Leta, David [mailto:dleta@swlaw.com]
**Sent:** Thursday, June 24, 2010 2:17 PM
**To:** 'Krikor J. Meshefejian'; Kinas, Rob; Konrad, Mark; Baig, Nishat; rgoodenow@parsonsbehle.com;
sbell@parsonsbehle.com; mfreelander@mcguirewoods.com; Roeschenthaler, Michael J.; Price, William C.; Alter,
Jason P.; Buddy Miller; Jennifer Smith; Freedlander, Mark E.; 'Beckett, J. Thomas'
**Cc:** bbeesley@lrlaw.com; Macauley, Laury; Martin J. Brill; David B. Golubchik
**Subject:** Copper King Mining Corporation/Western Utah Copper Company - DIP Financing Order
**Importance:** High

All:

Attached in clean and redline are the combined comments of Nevada Star and the Secured Creditors to
the proposed interim DIP order. The proposed Exhibit is attached, and I assume the Debtor can make it
look pretty. I know Tom is traveling this afternoon, so his availability will be limited until late today.

In essence, the changes to the findings are simply to reflect the record. This also will help the new UT
judge get a handle on the background.

With respect to the substantive changes here are my comments:

1.    As the court noted, it is the option of the Secured Creditors, not the Debtor, to participate in the
loan;
2.    There were no waivers, disclaimers, or stipulations of any kind with respect to Altus, other than that
they would get a priming lien per 364(d). In fact, the Debtor made an express point about this on the
record;
3.    The DIP documents were not approved, and the court was not asked to approve them, even on an
interim basis;
4.    The Secured Creditors never agreed to subordinate, or modify, their rights under 507(b) in favor of
Altus, and the court never addressed this issue;
5.    No evidence of "good faith" was presented or even offered at the hearing. In fact, when I tried to
explore the historic relationship between the Debtor and Altus, the Debtor's position was that it was
"irrelevant."
6.    To the extent that other creditors claim a senior interest in the equipment, which is the principal
beneficiary of this DIP financing, then their interests also should be subordinated to the extend of the
benefit they receive. That is why the DIP funds should be allocated.

I will be around this afternoon, after lunch, to discuss these matters with you if you desire, but, again, I
think Tom's availability will only be in the early evening.

Under the local rules, I am trying to make a good faith effort to resolve the form of this order before
filing any objections.

Thank you in advance.

---

**David E. Leta**

6/29/2010

Snell & Wilmer
_____L.L.P._____
15 West South Temple, Suite 1200; Beneficial Life Tower;
Salt Lake City, Utah 84101-1547
(801) 257-1928 (direct), x 1900 (main), x1800 (facsimile)
801-560-LETA (5382) (mobile)
www.swlaw.com
dleta@swlaw.com

## Phoenix / Tucson / Los Angeles / Costa Mesa / Denver / Salt Lake City / Las Vegas / Los Cabos

*Note: This communication is intended only for the designated recipients, and may contain confidential or privileged information. If you are not a designated recipient, please disregard this communication, and contact the sender immediately. Circular 230 Disclaimer: To ensure compliance with Treasury Regulations governing written tax advice, please be advised that any tax advice included in this communication, including any attachments, is not intended, and cannot be used, for the purpose of (a) avoiding any federal tax penalty or (b) promoting, marketing, or recommending any transaction or matter to another person. Thank you.*

please consider the environment before printing this e-mail

---

**From:** Krikor J. Meshefejian [mailto:KJM@lnbrb.com]
**Sent:** Wednesday, June 23, 2010 5:20 PM
**To:** Leta, David; Kinas, Rob; Konrad, Mark; Baig, Nishat; rgoodenow@parsonsbehle.com; sbell@parsonsbehle.com; mfreelander@mcguirewoods.com; Roeschenthaler, Michael J.; wprice@mcguirewoods.com; jalter@mcguirewoods.com; Buddy Miller; Jennifer Smith
**Cc:** bbeesley@lrlaw.com; Macauley, Laury; Martin J. Brill; David B. Golubchik
**Subject:** Copper King Mining Corporation/Western Utah Copper Company - DIP Financing Order

Dear Counsel,

Pursuant to Local Rule 9021, attached please find the proposed DIP Financing Orders in connection with today's ruling upon the above-referenced Debtors' interim financing request. Please provide us with your approval and/or comments as soon as possible, as we would like to lodge the orders by no later than close of business tomorrow. Thank you.

Krikor John Meshefejian, Esq.
Levene, Neale, Bender, Rankin & Brill L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA 90067
Direct Phone: (310) 229-3380
Main Phone: (310) 229-1234
Facsimile: (310) 229-1244
E-mail: kjm@lnbrb.com
Website: www.lnbrb.com

6/29/2010

**EXHIBIT C**

## Leta, David

| | |
|---|---|
| **From:** | Leta, David |
| **Sent:** | Monday, June 28, 2010 9:22 PM |
| **To:** | 'David B. Golubchik'; Roeschenthaler, Michael J.; Krikor J. Meshefejian; Kinas, Rob; Konrad, Mark; Baig, Nishat; rgoodenow@parsonsbehle.com; sbell@parsonsbehle.com; mfreelander@mcguirewoods.com; Price, William C.; Alter, Jason P.; Buddy Miller; Jennifer Smith; Freedlander, Mark E.; Beckett, J. Thomas |
| **Cc:** | bbeesley@lrlaw.com; Macauley, Laury; Martin J. Brill |
| **Subject:** | RE: Copper King Mining Corporation/Western Utah Copper Company - DIP Financing Order |

I will take a look at this order in the morning, but, as I indicated last Thursday when I gave you my comments to the initial proposed order, no evidence of good faith was introduced at the hearing, no motion for a finding of the same was made at the hearing, and, when I attempted to explore the relationship between the Debtor and Altus, the Debtor objected.  Moreover, the Debtor expressly stated on the record that there were no waivers being sought or given in connection with this interim funding. Finally, Tom and I provided prompt comments and proposed revisions to the Order within less than 24 hours from when the initial draft was submitted, and we also incorporated the committee's comments immediately upon receipt of the same.  All of this was completed by mid-day last Thursday.  The Debtor has done nothing to move this process forward since receiving those comments until now -- over 4 days later -- and it is unreasonable to expect opposing parties to jump through hoops when the Debtor is unwilling or unable to do likewise.

**David E. Leta**

Snell & Wilmer

L.L.P.

15 West South Temple, Suite 1200; Beneficial Life Tower;
Salt Lake City, Utah  84101-1547
(801) 257-1928 (direct), x 1900 (main), x1800 (facsimile)
801-560-LETA (5382) (mobile)
www.swlaw.com
dleta@swlaw.com

Phoenix / Tucson / Los Angeles / Costa Mesa / Denver / Salt Lake City / Las Vegas / Los Cabos

*Note: This communication is intended only for the designated recipients, and may contain confidential or privileged information.  If you are not a designated recipient, please disregard this communication, and contact the sender immediately. Circular 230 Disclaimer: To ensure compliance with Treasury Regulations governing written tax advice, please be advised that any tax advice included in this communication, including any attachments, is not intended, and cannot be used, for the purpose of (a) avoiding any federal tax penalty or (b) promoting, marketing, or recommending any transaction or matter to another person. Thank you.*

please consider the environment before printing this e-mail

**From:** David B. Golubchik [mailto:DBG@lnbrb.com]
**Sent:** Monday, June 28, 2010 7:05 PM
**To:** Roeschenthaler, Michael J.; Leta, David; Krikor J. Meshefejian; Kinas, Rob; Konrad, Mark; Baig, Nishat; rgoodenow@parsonsbehle.com; sbell@parsonsbehle.com; mfreelander@mcguirewoods.com; Price, William C.; Alter, Jason P.; Buddy Miller; Jennifer Smith; Freedlander, Mark E.; Beckett, J. Thomas
**Cc:** bbeesley@lrlaw.com; Macauley, Laury; Martin J. Brill
**Subject:** RE: Copper King Mining Corporation/Western Utah Copper Company - DIP Financing Order

Apologies to all.  I did not notice that Debtor's waivers and good faith finding was deleted by someone.  This is a critical component of the financing, was included in the moving papers and lender stated that it will fund without

these provisions. Attached are the corrected versions with these provisions inserted, which will be filed tomorrow.

Thanks

--------------------------------------------------------------------------------
David B. Golubchik, Esq.
Levene, Neale, Bender, Rankin & Brill L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Direct: (310) 229-3393
Email: dbg@lnbrb.com
Website: www.lnbrb.com

Note: This email and all documents attached hereto are
subject to the firm's email policy. By viewing this email
and the attachments, you acknowledge that you have read
and understand the disclaimers located at the following
website address: http://www.lnbrb.com/disclaimers.htm
--------------------------------------------------------------------------------

**From:** David B. Golubchik
**Sent:** Monday, June 28, 2010 5:50 PM
**To:** 'Roeschenthaler, Michael J.'; Leta, David; Krikor J. Meshefejian; Kinas, Rob; Konrad, Mark; Baig, Nishat; rgoodenow@parsonsbehle.com; sbell@parsonsbehle.com; mfreelander@mcguirewoods.com; Price, William C.; Alter, Jason P.; Buddy Miller; Jennifer Smith; Freedlander, Mark E.; Beckett, J. Thomas
**Cc:** bbeesley@lrlaw.com; Macauley, Laury; Martin J. Brill
**Subject:** RE: Copper King Mining Corporation/Western Utah Copper Company - DIP Financing Order

Attached hereto please find a clean and redline version of the order which follows the version sent by Michael Roeschenthaler. We intend to lodge this version first thing in the morning.

Thank you

--------------------------------------------------------------------------------
David B. Golubchik, Esq.
Levene, Neale, Bender, Rankin & Brill L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Direct: (310) 229-3393
Email: dbg@lnbrb.com
Website: www.lnbrb.com

Note: This email and all documents attached hereto are
subject to the firm's email policy. By viewing this email
and the attachments, you acknowledge that you have read
and understand the disclaimers located at the following
website address: http://www.lnbrb.com/disclaimers.htm
--------------------------------------------------------------------------------

**From:** Roeschenthaler, Michael J. [mailto:MRoeschenthaler@mcguirewoods.com]
**Sent:** Thursday, June 24, 2010 1:33 PM
**To:** Leta, David; Krikor J. Meshefejian; Kinas, Rob; Konrad, Mark; Baig, Nishat; rgoodenow@parsonsbehle.com; sbell@parsonsbehle.com; mfreelander@mcguirewoods.com; Price, William C.; Alter, Jason P.; Buddy Miller; Jennifer Smith; Freedlander, Mark E.; Beckett, J. Thomas
**Cc:** bbeesley@lrlaw.com; Macauley, Laury; Martin J. Brill; David B. Golubchik
**Subject:** RE: Copper King Mining Corporation/Western Utah Copper Company - DIP Financing Order

6/29/2010

All,

My colleague Mark Freedlander is traveling today and very well may have comments to the proposed order when he lands. With that said, a few preliminary comments from the Committee's end:

1. At the beginning of paragraph F, please insert "Other than chapter 5 actions and any proceeds therefrom,".

2. After paragraph 7, please add a new paragraph 8 that states as follows: "Nothing in the Order shall bar or otherwise estop the Committee from challenging the propriety, extent and/or validity of any claim or lien held and/or asserted in the Debtors' bankruptcy cases."

Thank you,

Mike Roeschenthaler

---

**From:** Leta, David [mailto:dleta@swlaw.com]
**Sent:** Thursday, June 24, 2010 2:17 PM
**To:** 'Krikor J. Meshefejian'; Kinas, Rob; Konrad, Mark; Baig, Nishat; rgoodenow@parsonsbehle.com; sbell@parsonsbehle.com; mfreelander@mcguirewoods.com; Roeschenthaler, Michael J.; Price, William C.; Alter, Jason P.; Buddy Miller; Jennifer Smith; Freedlander, Mark E.; 'Beckett, J. Thomas'
**Cc:** bbeesley@lrlaw.com; Macauley, Laury; Martin J. Brill; David B. Golubchik
**Subject:** Copper King Mining Corporation/Western Utah Copper Company - DIP Financing Order
**Importance:** High

All:

Attached in clean and redline are the combined comments of Nevada Star and the Secured Creditors to the proposed interim DIP order. The proposed Exhibit is attached, and I assume the Debtor can make it look pretty. I know Tom is traveling this afternoon, so his availability will be limited until late today.

In essence, the changes to the findings are simply to reflect the record. This also will help the new UT judge get a handle on the background.

With respect to the substantive changes here are my comments:

1. As the court noted, it is the option of the Secured Creditors, not the Debtor, to participate in the loan;
2. There were no waivers, disclaimers, or stipulations of any kind with respect to Altus, other than that they would get a priming lien per 364(d). In fact, the Debtor made an express point about this on the record;
3. The DIP documents were not approved, and the court was not asked to approve them, even on an interim basis;
4. The Secured Creditors never agreed to subordinate, or modify, their rights under 507(b) in favor of Altus, and the court never addressed this issue;
5. No evidence of "good faith" was presented or even offered at the hearing. In fact, when I tried to explore the historic relationship between the Debtor and Altus, the Debtor's position was that it was "irrelevant."
6. To the extent that other creditors claim a senior interest in the equipment, which is the principal beneficiary of this DIP financing, then their interests also should be subordinated to the extend of the benefit they receive. That is why the DIP funds should be allocated.

I will be around this afternoon, after lunch, to discuss these matters with you if you desire, but, again, I

think Tom's availability will only be in the early evening.

Under the local rules, I am trying to make a good faith effort to resolve the form of this order before filing any objections.

Thank you in advance.

_____
**David E. Leta**
Snell & Wilmer
_____L.L.P._____
15 West South Temple, Suite 1200; Beneficial Life Tower;
Salt Lake City, Utah  84101-1547
(801) 257-1928 (direct), x 1900 (main), x1800 (facsimile)
801-560-LETA (5382) (mobile)
www.swlaw.com
dleta@swlaw.com

Phoenix / Tucson / Los Angeles / Costa Mesa / Denver / Salt Lake City / Las Vegas / Los Cabos

*Note: This communication is intended only for the designated recipients, and may contain confidential or privileged information. If you are not a designated recipient, please disregard this communication, and contact the sender immediately. Circular 230 Disclaimer: To ensure compliance with Treasury Regulations governing written tax advice, please be advised that any tax advice included in this communication, including any attachments, is not intended, and cannot be used, for the purpose of (a) avoiding any federal tax penalty or (b) promoting, marketing, or recommending any transaction or matter to another person. Thank you.*

please consider the environment before printing this e-mail

**From:** Krikor J. Meshefejian [mailto:KJM@lnbrb.com]
**Sent:** Wednesday, June 23, 2010 5:20 PM
**To:** Leta, David; Kinas, Rob; Konrad, Mark; Baig, Nishat; rgoodenow@parsonsbehle.com; sbell@parsonsbehle.com; mfreelander@mcguirewoods.com; Roeschenthaler, Michael J.; wprice@mcguirewoods.com; jalter@mcguirewoods.com; Buddy Miller; Jennifer Smith
**Cc:** bbeesley@lrlaw.com; Macauley, Laury; Martin J. Brill; David B. Golubchik
**Subject:** Copper King Mining Corporation/Western Utah Copper Company - DIP Financing Order

Dear Counsel,

Pursuant to Local Rule 9021, attached please find the proposed DIP Financing Orders in connection with today's ruling upon the above-referenced Debtors' interim financing request.  Please provide us with your approval and/or comments as soon as possible, as we would like to lodge the orders by no later than close of business tomorrow. Thank you.

Krikor John Meshefejian, Esq.
Levene, Neale, Bender, Rankin & Brill L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA 90067
Direct Phone: (310) 229-3380
Main Phone: (310) 229-1234
Facsimile:  (310) 229-1244
E-mail:  kjm@lnbrb.com
Website: www.lnbrb.com

6/29/2010

# EXHIBIT D

1    the $250,000 advance from the Secured Creditors.  Such advances shall be governed by the terms

2    of this Order.

3        2.    Priming Lien and Superpriority Treatment for Advances.  All of the obligations of

4    the Debtors under the Approved Interim DIP Financing shall constitute an allowed administrative

5    expense claim in the Debtors' bankruptcy cases pursuant to Section 364(c)(1) of the Bankruptcy

6    Code having priority over all administrative expenses of any kind; and shall be secured by an

7

8    enforceable first priority priming lien pursuant to Section 364(c)(2) and (d)(1) of the Bankruptcy

9    Code on all of the existing and after-acquired assets of the Debtors of any kind or nature, except

10   claims and avoidance actions under Chapter 5 of the Bankruptcy Code, and provided such

11   priming liens shall not attached to any property that is not property of the Debtors.

12

13       3.    Interest Rate.  Interest on funds advanced under the Approved Interim DIP

14   Financing shall accrue interest at 12.99% per annum, compounded monthly, subject to an increase

15   of 5% from and after any Event of Default, as that term is defined in the DIP Loan Documents.

16       4.    Term.  The Approved Interim DIP Financing shall be due and payable in full on

17   the earlier of (a) June 28, 2011; (b) dismissal or conversion of either of the Cases; (c)

18   confirmation of a plan of reorganization in either of the Cases; or (d) appointment of a trustee in

19   either of the Cases.

20

21       5.    Debtors' Waivers.  Debtors acknowledge the validity and enforceability of pre-

22   petition financing documents of Empire Advisors, LLC and Altus (collectively, the "Altus

23   Parties"), as well as the validity of any related liens and security interests as to the Debtors' assets

24   described therein.   Debtors further waive and release any defenses, claims, objections, or

25   counterclaims with respect to the claims, liens or security interests of the Altus Parties, including

26   under the Altus Parties' pre-petition financing documents, and Debtors' acknowledge the

27

28

**EXHIBIT E**

**MARTIN J. BRILL (Calif. Bar No. 53220) mjb@lnbrb.com**
**DAVID B. GOLUBCHIK (Calif. Bar No. 185520) dbg@lnbrb.com**
**KRIKOR J. MESHEFEJIAN (Calif. Bar No. 255030) kjm@lnbrb.com**
**LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.**
**10250 Constellation Blvd., Suite 1700**
**Los Angeles, California 90067**
**Telephone:  (310) 229-1234**
**Facsimile:  (310) 229-1244**

*Proposed Reorganization Counsel for Chapter 11 Debtor and Debtor-in-Possession*

**Bruce T. Beesley (NV Bar No. 1164) bbeesley@lrlaw.com**
**LEWIS AND ROCA LLP**
**Bank of America Plaza**
**50 West Liberty Street, Suite 410**
**Reno, Nevada 89501**
**Telephone: (775) 823-2900**

*Proposed Co-Counsel for Chapter 11 Debtor and Debtor-in-Possession*

Robert R. Kinas (Nevada Bar No. 6019)          David E. Leta (UT Bar No. 1937)
Mark E. Konrad (Nevada Bar No. 4462)           *Admitted Pro Hac*
Nishat Baig (Nevada Bar No.11047)              SNELL & WILMER L.L.P.
SNELL & WILMER L.L.P.                           15 West South Temple, Suite 1200
3883 Howard Hughes Parkway, Suite 1100         Salt Lake City, UT  84101
Las Vegas, NV  89169                            Telephone:  (801) 257-1900
Telephone:  (702) 784-5200                      Facsimile:  (801) 257-1800
Facsimile:  (702) 784-5252                      Email:  dleta@swlaw.com
Email: rkinas@swlaw.com
         mkonrad@swlaw.com
         nbaig@swlaw.com

*Attorneys for DDB Utah, LLC; The
Raymond W. Schmelzer Marital Trust; Top-
Notch Investments, LLC; Rodney Evan
Schmelzer; Brent Thomas Bingham; Bridge
Loan Capital Fund, LP; Devin Durrant DPI
College, LC; Milford Copper Investors II,*

1  ~~LLC; Reynolds Brothers, Inc.; and Milford~~
   ~~Investors, LLC~~

2                  UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF NEVADA
3

4  In re:                                 Case No. 10-51913-GWZ
                                          Chapter 11
5  WESTERN UTAH COPPER COMPANY,
                                          **ORDER RE: MOTION FOR ENTRY**
6        Debtor and Debtor-in-Possession. **OF AN INTERIM ORDER**
                                          **AUTHORIZING DEBTOR TO**
7                                         **OBTAIN POST-PETITION**
                                          **FINANCING PURSUANT TO 11**
8                                         **U.S.C. § 364 AND RULE 4001 OF THE**
                                          **FEDERAL RULES OF BANKRUPTCY**
9                                         **PROCEDURE**

10
                                          Hearing:
11                                        Date: June 23, 2010
                                          Time: 10:30 a.m.
12

13

14

15

16

17

18

19

20

21

22         **THIS MATTER** having come before  the Court, on shortened time, on the request

23  for approval of an immediate interim advance with respect to the Motions, filed by Copper King

24  Mining Corporation ("CKMC") and Western Utah Copper Company ("WUCC" and collectively

25  with CKMC, the "Debtors"), For Entry Of An Order Authorizing Debtor To Obtain Post-Petition

26  Financing Pursuant To 11 U.S.C. § 364 and Rule 4001 Of The Federal Rules Of Bankruptcy

27

28

Procedure (the "DIP Motions"); and the Court having considered the DIP Motions and related pleadings, oppositions, motion in limine, and the argument of counsel, and for good cause appearing, the Court enters the following FINDINGS:

A.    On May 18, 2010 (the "Petition Date"), the Debtors each filed a voluntary petition for relief with this Court under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are continuing in possession of their property, and operating and managing their businesses, as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

B.    On June 4, 2010, the Official Committee of Unsecured Creditors (the "Committee") was appointed in ~~these~~**the Debtors'** cases.

C.    CPRK, a Nevada corporation, is a public company traded on the "Pink Sheets" under the symbol of CPRK.

D.    WUCC, a Utah corporation, is a wholly-owned subsidiary of CPRK and engaged in owning, exploring and excavation mining and mineral rights in the state of Utah.

E.    The Debtors' real property and personal property assets are encumbered by liens and security interests in favor of third parties.

F.    Other than **avoidance actions under** Chapter 5 ~~causes of action~~**of the Bankruptcy Code** and ~~the~~ proceeds therefrom, the Debtors do not own substantial and valuable assets which are not otherwise encumbered by liens and security interests.

G.    The Debtors' operations are at a standstill and the Debtors currently are not either operating their facilities or engaged in any mining operations.

H.    On June 2, 2010, each of the Debtors filed their respective DIP Motions with supporting declarations of A. John A. Bryan, Jr., Marcus Southworth, O. Jay Gaten, David Hartshorn, and Michael G. Nelson, Ph.D., requesting approval of a post petition Debtor in Possession Financing in an amount not to exceed $15,000,000 (the proposed "DIP Facility"),

$1,100,000 of which to be provided on an interim basis ("Interim DIP Financing") pursuant to that certain Debtor-In-Possession Financing And Security Agreement ("DIP Loan Documents").

I.      On June 2, 2010, each of the Debtors filed their respective Motion For Order Shortening Notice Period For Hearing On the Motions ("Emergency Motion") pursuant to which the Debtors identified four (4) items of alleged emergency concern, namely, utilities, insurance, security and a premium on a reclamation bond.

J.      On June 4, 2010, the **alleged first priority secured creditors ("**Secured Creditors**")**[1] filed their *First Priority Secured Lenders' Opposition to Motion for Order Shortening Notice Period for Hearing on Debtor's Motion for Entry of an Order Authorizing Debtor to Obtain Post-Petition Financing Pursuant to 11 U.S.C. § 364 and Rule 4001 of the Federal Rules of Bankruptcy Procedure* [Doc. No. 41].

K.      On June 4, 2010, Nevada Star Resource Corporation ("Nevada Star") filed its *Objection to Debtor's Motion for Hearing on Postpetition Financing on Shortened Notice* [Doc. No. 42].

L.      On June 4, 2010, **and without conducting a hearing,** the Court entered **each of the cases** its Order denying the Debtors' Motion for Order Shortening Notice Period for Hearing on the Motions.

M.      On June 17, 2010, the Committee filed its Motions to Reconsider the Order Denying Motion For Order Shortening Notice Period For Hearing On Debtors Motion For Entry

---

[1] DDB Utah, LLC; The Raymond W. Schmelzer Marital Trust; TopNotch Investments, LLC; Rodney Evan Schmelzer; Brent Thomas Bingham; Bridge Loan Capital Fund, LP; Devin Durrant DPI College, LC; Milford Copper Investors II, LLC; Reynolds Brothers, Inc.; and Milford Investors, LLC
Investors, LLC

4

Of An Order Authorizing Debtor To Obtain Post-Petition Financing Pursuant To 11 U.S.C. § 364

And Rule 4001 Of The Federal Rules Of Bankruptcy Procedure (the "Reconsideration Motion"),

including declarations in support thereof, in each of the Debtors' cases.

~~N.~~    ~~On June 17, 2010, the Secured Creditors filed their *Ex-Parte Motion to Shorten*~~ ~~*Time for Debtor to respond to Discovery Requests Regarding the DIP Financing Motion* [Doc.~~ ~~No. 89] and on June 17, 2010, the Secured Creditors filed their *Certificate of Service Regarding*~~ ~~*First Set of Requests for Production of Documents Propounded by the First Priority Secured*~~ ~~*Creditors to Western Utah Copper Company Regarding the DIP Financing Motion* [Doc. 81].~~ ~~Subsequently, the Secured Creditors also served subpoenas duces tecum upon Altus Metals, LLC~~ ~~("Altus") and upon its affiliate, Empire Advisors, LLC ("Empire").~~

**N.**    ~~O.~~ On June 18, 2010, the Secured Creditors filed their *Memorandum in Opposition to Motion for Reconsideration of Order Denying Motion for Order Shortening Notice Period for Hearing on Debtor's DIP Financing Motion* [Doc. No. 95].

**O.**    ~~P.~~ On June 18, 2010, and without conducting a hearing, the Court entered its Order approving the Reconsideration Motion in the respective cases and scheduled a hearing on the Emergency Motions for June 23, 2010 at 10:30 a.m. in Reno, Nevada

**P.**    ~~Q.~~ On June 21, 2010, Nevada Star filed its *NSRC's Objection to Debtor's Motion for an Order Authorizing DIP Financing* [Doc. No. 105].

**Q.**    ~~R.~~ On June 22, 2010, the Secured Creditors filed their *Memorandum in Opposition to Debtor's Emergency DIP Financing Motion [Doc. No. 32]* [Doc. No. 113], as well as their *Motion in Limine to Preclude Introduction of Evidence Irrelevant to Relief Sought in Doc. No. 29 at the Court's Emergency Hearing on the Debtor's Motion for Authority to Obtain DIP Financing Scheduled for June 23, 2010* [Doc. No. 111], *Motion to Strike Hearsay Representations in the Declaration of A. John A. Bryan in Support of the Debtor's DIP Financing Motion [Doc. No. 33]*

[Doc. No. 110] and *Motion for Court to Take Judicial Notice of the Debtor's Schedules and Statement of Financial Affairs at the Emergency Hearing on the Debtor's Motion for Authority to Incur Debtor in Possession Financing* [Doc. No. 109]

**R.** ~~S.~~ On June 22, 2010, the Debtors' filed their *Supplement to Debtor's Motion for Entry of an Order Authorizing Debtor to Obtain Post-Petition Financing Pursuant to 11 U.S.C. § 364 and Rule 4001 of the Federal Rules of Bankruptcy Procedure* [Doc. No. 114], which contained a revised interim budget for emergency DIP financing (the "Proposed Interim DIP Budget").

**S.** ~~T.~~ Also on June 22, 2010, the Committee filed its *Limited Objection to Motion for Entry of an Order Authorizing Debtor to Obtain Post-Petition Financing Pursuant to 11 U.S.C. § 364 and Rule 4001 of the Federal Rules of Bankruptcy Procedure and Reservation of Rights* [Doc. No. 112]

**T.** ~~U.~~ On June 23, 2010, the Debtors' filed the *Declaration of Edwin Reese Davis, Jr. in Support of Debtors Motion for Entry of an Order Authorizing Debtor to Obtain Post-Petition Financing Pursuant to 11 U.S.C. § 364 and Rule 4001 of the Federal Rules of Bankruptcy Procedure* [Doc. No. 115]

**U.** ~~V.~~ At the hearing on June 23, 2010, the Debtor orally modified the Proposed Interim DIP Budget and reduced the same to the items and amounts shown on Exhibit "1" which is attached hereto ("Interim Budget").

**V.** ~~W.~~ As set forth in the Declarations of A. John A. Bryan, Jr. and Marcus Southworth, as well as testimony presented by A. John A. Bryan, Jr. in Court, the Debtors lack funds in order to maintain and preserve the ~~equipment~~**assets** of their respective estates and, further, that the Debtors are unable to obtain unsecured credit for the Interim DIP Financing allowable under Bankruptcy Code 503(b)(1) as an administrative expense, and that such financing

on a post-petition basis is not otherwise available without securing such indebtedness and obligations with the security interest in and the liens upon the property described below pursuant to Section 364(d) of the Bankruptcy Code.

**W.**    ~~X.~~ The Debtors' need for the Interim DIP Financing pursuant to the Interim Budget is immediate.

**X.**    ~~Y.~~ In connection with the Emergency Motion, and in consideration for the Interim DIP Loan, the Debtors have not offered, and do not have the ability to provide, the Secured Creditors with either (a) a replacement lien on any other property, (b) interim payments, (c) third party guaranties or any other adequate protection, other than the proposed expectation that the expenditures under the Interim Budget will avoid a diminution in the value of the ~~equipment~~**assets** that exceeds the amount of the proposed expenditures.

**Y.**    ~~Z.~~ The Secured Creditors and Nevada Star opposed the Emergency Motion and did not consent to the Interim Budget.

Based upon the foregoing findings and conclusions, and upon the record made before this Court, and good cause appearing:

**IT IS HEREBY ORDERED** as follows:

1.    <u>Authorization for Borrowing.</u>    Debtors are authorized to borrow from Altus **Metals, LLC ("Altus")** and from Secured Creditors, as provided below, an amount not to exceed the principal amount of $300,000 (the "Approved Interim DIP Financing"), consisting of $250,000 to the Debtors ~~for the specific items identified in the Interim Budget,~~**pursuant to a budget approved by Altus (the "Budget")** and reimbursement of Altus' costs and expenses in the amount of $50,000.   ~~To the extent offered by the Secured Creditors, the Debtors shall~~**The Debtors have the right, but not the obligation, to** accept, on a *pari passu* basis ~~with Altus, up~~

~~to,~~ $42,000 in funding, to be included in the $250,000 advance from the ~~first priority lienholders~~**Secured Creditors**.  Such advances shall be governed by the terms of this Order.

      2.     <u>Priming Lien **and Superpriority** Treatment for Advances</u>.  All of the obligations of the Debtors under the Approved Interim DIP Financing shall **constitute an allowed administrative expense claim in the Debtors' bankruptcy cases pursuant to Section 364(c)(1) of the Bankruptcy Code having priority over all administrative expenses of any kind; and shall** be secured by an enforceable first priority priming lien pursuant to Section 364**(c)(2) and (**d)(1) of the Bankruptcy Code on all of the existing and after-acquired assets of the Debtors of any kind or nature, except claims and avoidance actions under Chapter 5 of the Bankruptcy Code~~,~~ ~~provided, however, that the amount of the Approved Interim DIP Financing shall be allocated against the assets of the Debtors in proportion to the amount of the Approved Interim DIP Financing that is actually expended to protect such assets, and provided, further, such priming liens shall not attached to any property that is not property of the Debtors.~~

      3.     <u>Interest Rate</u>.  Interest on funds advanced under the Approved Interim DIP Financing shall accrue interest at 12.99% per annum, compounded monthly, subject to an increase of 5% from and after any Event of Default, as that term is defined in the DIP Loan Documents.

      4.     <u>Term</u>.  The Approved Interim DIP Financing shall be due and payable in full on the earlier of (a) June 28, 2011; (b) dismissal or conversion of either of the Cases; (c) confirmation of a plan of reorganization in either of the Cases; or (d) appointment of a trustee in either of the Cases.

      **5.**     **Debtors' Waivers.  Debtors acknowledge the validity and enforceability of pre-petition financing documents of Empire Advisors, LLC and Altus (collectively, the "Altus Parties"), as well as the validity of any related liens and security interests as to the Debtors' assets described therein.  Debtors further waive and release any defenses, claims,**

**objections, or counterclaims with respect to the claims, liens or security interests of the Altus Parties, including under the Altus Parties' pre-petition financing documents, and Debtors' acknowledge the enforceability by the Altus Parties of all pre-petition contracts relating to the Altus Parties' transactions.  The acknowledgments, waivers and releases provided by this paragraph are immediately effective as to the Debtors, but are not binding upon other parties in interest, including the Official Committee of Unsecured Creditors, absent further order of the Court.**

**6.**    **No Modification or Stay of this Order.  Altus is deemed a good faith lender and entitled to the protections of 11 U.S.C. § 364(e).  If any or all of the provisions of this Order are hereafter reversed, modified, vacated, or stayed, such act shall not affect the validity and enforceability of any lien or priority authorized or created hereby.**

**7.**    5. Final Hearing.  A final hearing has not been scheduled by the Court pending transfer of venue of the Cases to Utah **and the currently scheduled July 23, 2010 hearing is hereby taken off calendar**.

**8.**    6. Controlling Effect of Order.  To the extent any provisions in this Order conflict with any provisions of DIP Motions or the Emergency Motion, the provisions of this Order shall control.

**9.**    **Nothing in this Order shall constitute an adjudication on the merits of the DIP Motions in connection with any final hearing thereon.**

**10.**    7. Reservation of Rights.  Nothing in this Order shall (a) constitute an adjudication on the merits of the DIP Motions in connection with any final hearing thereon, or (b)**Nothing in the Order shall** bar or otherwise estop the Committee or any other creditor from challenging the propriety, extent and/or validity of any claim or lien held and/or asserted in the Debtors' bankruptcy cases.

1    **11.**    8. Order Effective.  This Order shall be effective as of the date of signature by the

2    Court.

3    **IT IS SO ORDERED.**

1    In accordance with LR 9021, the undersigned certifies as follows:

2        The court has waived the requirement of approval under LR 9021.

3        I have delivered a copy of this proposed order to all attorneys and unrepresented parties

4    who appeared at the hearing regarding this matter and/or who filed a written objection and each has:

5          approved the form of this order;

6          waived the right to review the order; and/or

7          failed to file and serve papers in accordance with LR 9021(c).

8   X   I have delivered a copy of this proposed order to all attorneys and unrepresented parties who appeared at the hearing regarding this matter and/or who filed a written objection and

9    all have either approved the form of this order, waived the right to review the order, failed to file and serve papers in accordance with LR 9021(c) and the following have approved

10    or disapproved the form of this order.

11      **Approved/Disapproved**             **Approved/Disapproved**

12 PARSONS, BEHLE & LATIMER      LEVENE, NEALE, BENDER, RANKIN & BRILL

13 By * /s/ J. Thomas Beckett*

14      J. Thomas Beckett            By
*Representing Nevada Star Resource Corp.*      David B. Golubchik

15                                 Martin J. Brill
                                *Representing Debtor*

16 MCGUIREWOODS, LLP         LIONEL SAWYER & COLLINS

17

18 By                                By
     Michael J. Roeschenthaler           Jennifer A. Smith

19 *Representing The Official Committee of Unsecured Creditors*      *Representing Empire Advisors, LLC*

20        No opposition was filed to the motion and no other party or counsel appeared at the

21    hearing.

22 Respectfully submitted,

23 SNELL & WILMER

*/s/ David E. Leta*

24 David E. Leta (UT Bar No. 1937) (*admitted pro hac vice*)
15 West South Temple, Suite 1200

25 Salt Lake City, UT 84101-1004
*Representing Secured Creditors*

26

27

28

1

## CERTIFICATE OF SERVICE

2

I certify that on the 30th day of June, 2010 a true and correct copy of the foregoing was

3

served via electronic mail upon following:

4

- J. THOMAS BECKETT — ECF@parsonsbehle.com

5

- BRUCE THOMAS BEESLEY — bbeesley@lrlaw.com, rmaples@lrlaw.com;

6

   jmoulian@lrlaw.com; mburns@lrlaw.com

7

- SCOTT S. BELL — ecf@parsonsbehle.com

8

- DAVID B GOLUBCHIK — dbg@lnbrb.com, angela@lnbrb.com

9

- REW R. GOODENOW — ecf@parsonsbehle.com

10

- ROBERT R. KINAS, rkinas@swlaw.com, jmath@swlaw.com, mfull@swlaw.com,
   cdossier@swlaw.com, lvdocket@mindspring.com, vcampbell@swlaw.com

11

- LAURY MILES MACAULEY — lmacauley@lrlaw.com, rmaples@lrlaw.com

12

- EDMOND BUDDY MILLER — bmiller@buddymillerlaw.com,

13

   staff@buddymillerlaw.com; lgendreau@buddymillerlaw.com; jlee@buddymillerlaw.com

14

- JENNIFER A. SMITH — bklscr@lionelsawyer.com, cobrien@lionelsawyer.com

15

- U.S. TRUSTEE — RN — 11 — USTPRegion17.RE.ECF@usdoj.gov

16

- MARTIN J. BRILL, mjb@lnbrb.com

17

- DAVID B. GOLUBCHIK, db@lnbrb.com

18

- KRIKOR J. MESHEFEJIAN, kjm@lnbrb.com

19

- MICHAEL J. ROESCHENTHALER, mroeschenthaler@mcguirewoods.com

20

- MARK E. FREELANDER, mfreelander@mcguirewoods.com

21

- WILLIAM C. PRICE, wprice@mcguirewooods.com

22

- JASON P. ALTER, jalter@mcguirewoods.com

23

24

/s/ David E. Leta

25

26

27

28

12

Document comparison by Workshare Professional on Thursday, July 01, 2010 1:44:21 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://PHXDM/SWDMS/11667551/3 |
| Description | #11667551v3<SWDMS> - Interim_DIP_Order_Western.doc |
| Document 2 ID | interwovenSite://PHXDM/SWDMS/11693679/2 |
| Description | #11693679v2<SWDMS> - Debtors' Interim_DIP_Order_Western_6_28_10_clean.DOC |
| Rendering set | pleadings |

| Legend: |
|---|
| **Insertion** |
| ~~Deletion~~ |
| ~~Moved from~~ |
| Moved to |
| Style change |
| Format change |
| ~~Moved deletion~~ |
| Inserted cell |
| Deleted cell |
| Moved cell |
| Split/Merged cell |
| Padding cell |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 41 |
| Deletions | 110 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 151 |